IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH CARBRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-CV-560-TCK-FHM |
| ) | |
| ERIC R. FRANKLIN; ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

This is a habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. By Order filed October 12, 2005 (Dkt. # 3), the Court determined that since Petitioner alleges, *inter alia*, that his plea agreement entered, in Tulsa County District Court, Case Nos. CF 95-3882 and CF 2000-5961, has been breached, this petition would be adjudicated pursuant to 28 U.S.C. § 2254. Respondent filed a response (Dkt. # 7) to the petition, arguing that Petitioner failed to file his petition within the one-year limitations period prescribed by 28 U.S.C. § 2244(d). In the alternative, Respondent contends that Petitioner's claim lacks merit. See Dkt. # 7. Petitioner filed a reply (Dkt. # 8) to the response. For the reasons discussed below, the Court finds that although consideration of the single claim raised in the petition is not precluded by the statute of limitations, the claim is without merit. Therefore, the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

Upon review of the record, the Court finds that the background provided by the state district court in its order denying Petitioner's second application for post-conviction relief, see Dkt. # 1, attached order dated July 13, 2005, is an accurate summary of the events giving rise to Petitioner's claim. According to the state district court:

> On November 13, 2000, the petitioner was sentenced to thirty years in custody in CF 95-3882, with counts 1, 3, and 4 running concurrently and also concurrently with CF 2000-5961. Although it was not part of the plea negotiation the State agreed at the time of sentencing that the sentences could run concurrent with CF 74-1289. At the time Petitioner was sentenced on the 1995 and 2000 cases he was awaiting a parole revocation in the 1974 case. On December 18, 2000, Petitioner's parole was revoked in the 1974 case. The parole revocation was not ordered to run concurrent with the 1995 and 2000 case. The Department of Corrections refused to run the [] newer cases concurrent with the 1974 parole revocation because the revocation did not exist at the time Petitioner was sentenced on the 1995 and 2000 cases. It appears from the record that at the time of plea, the petitioner was advised by the court of his right to a jury trial, his right to cross-examine witnesses and his right to testify if he so desired. At the time of the petitioner's plea and sentencing, the petitioner was represented by Peter Astor from the Public Defenders Office. At the time of sentencing, the petitioner was advised by the court of his right to appeal his conviction. The Petitioner did not seek to withdraw his plea within ten days after it was entered, and thus failed to properly initiate appeal proceedings. *See* Rule 1.2(D)(5) and 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2001).
>
> On August 14, 2003, [Petitioner] filed an Application for Post-Conviction-Relief where he alleged as basis for relief in his Application:
>
>> 1. Despite the court's order as reflected in the Judgment and Sentence, the Department of Corrections is not running his sentence in this case, concurrently with his parole revocation in his 1974 case.
>
> The Court denied Petitioner's Application for Post-Conviction-Relief on September 25, 2003. Petitioner gave notice of intent to appeal the court's order. On December 23, 2003, the Court of Criminal Appeals dismissed Petitioner's Petition in Error seeking extraordinary relief.
>
> On August 11, 2004, Petitioner was granted Post-Conviction-Relief to the extent afforded him by the issuance of an amended parole certificate that ordered his sentence to run concurrently with the parole revocation.
>
> On February 9, 2005, Petitioner filed this second Application for Post-Conviction-Relief where he alleges that the Department of Corrections is not complying with the Judgment and Sentences filed in his cases and or the amended parole certificate.

Id.  The state district court proceeded to deny the relief requested in the second application for post-conviction relief.  Id. Petitioner appealed, and by order filed August 17, 2005, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial of the second application for post-conviction relief.  See Dkt. # 1, attached order of the OCCA, dated August 17, 2005.

2

On September 27, 2005, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, he asserts one claim as follows:

> Ground one: Specific performance of plea agreement and Judgment and Sentences Concurrent and credit for time served.
> Petitioner entered plea of 30 years with understanding that credit for time served would be controlled by 75 year sentence in CF-74-1289, ask that all sentences be run concurrent, on record, granted. Now the State is not honoring plea agreement, or Judgment and Sentences. Discharge of 74-1289 occurred on August 12, 2005.

Dkt. # 1. In response to the petition, Respondent asserts that the claim is time-barred, or in the alternative, Petitioner is not entitled to relief because his sentences are being administered pursuant to the Judgment and Sentence and the applicable law. See Dkt. # 7.

## *ANALYSIS*

### A. Statute of limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-

>conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is clear that under § 2244(d)(1)(A), this habeas petition is time barred. Because Petitioner failed to perfect a direct appeal, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on November 23, 2000. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw guilty plea within ten (10) days from the date of the pronouncement of the Judgement and Sentence in order to commence an appeal from any conviction of a plea of guilty); see also Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding that for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence). Therefore, Petitioner's one-year limitations clock began to run on November 23, 2000, and, absent a tolling event, a federal petition for writ of habeas corpus filed after November 23, 2001, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the one-year period, 28 U.S.C. § 2244(d)(2), Petitioner did not seek any post-conviction relief during the limitations period. Petitioner did not challenge his sentence until August 14, 2003, when he filed an application for writ of mandamus seeking specific performance. He also filed post-conviction applications on March 11, 2004, and February 9, 2005. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher, 262 F.3d at 1142-43. As a result, the mandamus and post-conviction proceedings filed by Petitioner did not toll the limitations period in this case. Therefore,

4

the habeas corpus petition, filed September 27, 2005, would be untimely under § 2244(d)(1)(A).

However, in his reply (Dkt. # 8), Petitioner first argues that because the law library at his facility did not have a complete set of the United States Code Annotated until October 13, 2005, he suffered a "state created impediment" and, therefore, his one-year limitations period did not begin to run until October 13, 2005. See Dkt. # 8 at 6. He also asserts that his limitations period did not begin to run until post-conviction relief was granted on August 11, 2004. See Dkt. # 8 at 8. Petitioner states that "[f]rom August 11, 2004, is when Petitioner became aware that the Oklahoma Department of Corrections was not following the plea agreement as the petitioner understood it." Id. at 9.

The Court rejects Petitioner's argument that his one-year period did not begin to run until October 13, 2005, when his facility's law library obtained a complete set of the United States Code Annotated. An inadequacy in the holdings of the law library does not constitute an "impediment" which prevented Petitioner from filing a habeas corpus petition as provided under 28 U.S.C. § 2244(d)(1)(B). However, the Court agrees with Petitioner's contention that his one-year period did not commence until August 11, 2004, when the state district court granted post-conviction relief "to the extent afforded by the Amended Parole Certificate." See Dkt. # 1, attached state district court order. Pursuant to the Amended Certificate of Parole Revocation, Governor Brad Henry ordered that Petitioner "be incarcerated to serve the remaining portion of the term [for CRF 74-1289] concurrently with CF 95-3882 and CF 00-5961, with credit for street time." Id., attached "Amended Certificate of Parole Revocation." As stated above, the one-year limitations period may commence to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).  In this case, the

factual basis of Petitioner's claim as presented in his habeas petition did not exist until after the state district court granted post-conviction relief, directing that pursuant to the Amended Certificate of Parole Revocation, the remaining portion of Petitioner's sentence in CRF 74-1289 was to be served concurrently with CF 95-3882 and CF 00-5961. As a result, absent a tolling event, Petitioner had until August 11, 2005, to file a timely petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(D).

During the one-year limitations period, Petitioner filed his second application for post-conviction relief. Pursuant to 28 U.S.C. § 2244(d)(2), the limitations period was tolled, or suspended, for 189 days, from February 9, 2005, through August 17, 2005, during the pendency of Petitioner's second post-conviction proceeding. As a result, once the OCCA affirmed the state district court's denial of post-conviction relief, Petitioner had to file his petition by February 16, 2006, in order to be timely. The Clerk of Court received Petitioner's habeas petition for filing on September 27, 2005, or well in advance of the deadline. Therefore, upon application of § 2244(d)(1)(D), the Court finds Petitioner's habeas corpus petition premised on the discovery of facts occurring after the state district court granted post-conviction relief on August 11, 2004, is timely.

**B. Petitioner's claim is without merit**

Although Petitioner's petition is timely, the Court nonetheless finds that Petitioner is not entitled to habeas corpus relief. Petitioner argued in his second post-conviction proceeding, as he does in the instant action, that the Department of Corrections is not complying with the Judgment and Sentences filed in his cases and/or the amended certificate of parole revocation. See Dkt. # 1, attached order dated July 13, 2005. The state district court denied relief, citing Okla. Stat. tit. 57, § 350 (West 1980), and Richardson v. Pardon and Parole Board, 433 P.2d 518 (Okla. Crim. App. 1967), and finding that pursuant to state law, Petitioner was not entitled to credit for the time he was

on parole since his parole was revoked. The state district court further found that the Judgment and Sentences entered in Petitioner's cases "accurately reflect the sentences negotiated and the intent of the court." Id. As a result, the state district court denied post-conviction relief. On appeal, the OCCA found that Petitioner had failed to establish error in the district court's ruling and, therefore, affirmed the denial of post-conviction relief. Id., attached OCCA order dated August 17, 2005.

When a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). In this case, Petitioner's effort to establish entitlement to habeas corpus relief is misguided. In his reply to Respondent's response (Dkt. # 8), Petitioner asserts that pursuant to his understanding of his "plea agreement," he was to receive credit for time served. He also states in his petition that he understood his 75 year sentence in CF 74-1289 would be the controlling sentence. See Dkt. # 1. In support of his claims, Petitioner provides the transcript from the November 13, 2000, sentencing hearing held in Tulsa County District Court, Case Nos. CF 95-3882 and CF-2000-5961. That record clearly reflects that the district court's decision to allow any remaining portion of the sentence in CRF 74-1289 to run concurrently was prompted by a request from Petitioner as an afterthought following his sentencing to concurrent terms in CF 95-3882 and CF 2000-5961, and was not part of any formal "plea agreement" entered into by Petitioner and the State of Oklahoma. See Dkt. # 8, attached transcript at 20-22. In addition, any reference to credit for time served was in regard to the sentences entered on Case Nos. CF 95-3882 and CF 2000-5961.

7

See id. at 19. Records provided by Respondent reflect that Petitioner was properly credited for time served in the Tulsa County Jail while charges filed in CF 95-3882 and CF 2000-5961 were pending. See Dkt. # 7, Ex. 11. The record also reflects that when Petitioner was reincarcerated following revocation of parole in CRF 74-1289, his sentence for that case was credited with 1,888 days. Those credits were for "street time" and were credited to Petitioner's sentence in compliance with the Amended Certificate of Parole Revocation as directed by Governor Henry. See Dkt. # 7, Ex. 4 at 1, Ex. 5 at 1, and Ex. 1 at 10.

Petitioner has failed to provide any factual support for his claim that there was a "plea agreement" providing that service of the sentence in CRF 74-1289 would "control," and that the sentences entered in CF 95-3882 and CF 2000-5961 would be credited with "street time" earned while on parole in CRF 74-1289. Nothing in the record suggests that those terms were part of any "plea agreement." All the trial court judge allowed was that the term of imprisonment remaining on CRF 74-1289 could be served concurrently with the thirty (30) year concurrent sentences in CF 95-3882 and the ten (10) year concurrent sentence in CF 2000-5961. See Dkt. # 8, Ex. A, Trans. dated November 13, 2000, at 20-22.

Furthermore, Petitioner has failed to provide any legal authority suggesting that the resolution of his claim by the Oklahoma state courts was contrary to or an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or that the resolution by the state courts was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Petitioner cites United States v. Guzman, 318 F.3d 1191, 1195 (10th Cir. 2003), for the proposition that due process requires that any ambiguity be construed against the government and in accordance with the

defendant's reasonable understanding of the agreement. The problem with Petitioner's argument is that his understanding of the purported agreement is not reasonable. Petitioner is clearly not entitled to receive credit on his sentences entered in CF 95-3883 and CF 2000-5961, either for time spent in custody or for "street time" while on parole on CRF 74-1289, earned prior to entry of the later sentences. As stated by Respondent, "[o]ne may not start serving a sentence until after a Judgment and Sentence is rendered by a district court. Thus any incarceration time served for a previous crime may not be credited to a later crime, even though the cases may be ordered to be served concurrently." Dkt. # 7 at 6. See also Floyd v. State 540 P.2d 1195, 1198-99 (Okla. Crim. App. 1975); Martin v. Page, 484 P.2d 1319 (Okla. Crim. App. 1971). Nothing in the Constitution or in any case interpreting the Constitution provides that a prisoner is entitled to view time served on a prior sentence as a line of credit for sentences imposed for future crimes. Petitioner has failed to demonstrate that he is entitled to habeas corpus relief. His petition for writ of habeas corpus shall be denied.

## *CONCLUSION*

Under 28 U.S.C. § 2244(d)(1)(D), Petitioner filed his petition for writ of habeas corpus within the one-year limitations period. Nonetheless, after careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate judgment shall be entered in this matter.

DATED THIS 5th day of November, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE